United States District Court
Southern District of Texas

**ENTERED**

May 20, 2026

Nathan Ochsner, Clerk

**UNITED STATE DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| JAIMEE DICKERSON, individually and on behalf of all others similarly situated, | Case No.: 4:26-cv-3068 |
| Plaintiff, | |
| v. | |
| PSYCHPLUS MEDICAL ASSOCIATES PLLC, | |
| Defendant. | |
| CHELSEA ROSS, individually and on behalf of all others similarly situated, | Case No.: 4:26-cv-3327 |
| Plaintiff, | |
| v. | |
| PSYCHPLUS MEDICAL ASSOCIATES PLLC, | |
| Defendant. | |
| JANELLE HAVENS, individually and on behalf of all others similarly situated, | Case No.: 4:26-cv-3360 |
| Plaintiff, | |
| v. | |
| PSYCHPLUS MEDICAL ASSOCIATES PLLC, | |
| Defendant. | |

**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION TO**
**CONSOLIDATE ACTIONS, APPOINT INTERIM CLASS COUNSEL, AND**
**SET DEADLINE FOR FILING OF CONSOLIDATED COMPLAINT**

THIS MATTER, comes before the Court by the Plaintiffs in the above-captioned cases by their Motion, seeking to (1) consolidate the above-styled actions into to the first-filed *Dickerson* action, as well as any other future filed or transferred related actions against Defendant PsychPlus Medical Associates PLLC (collectively, "Related Actions"); (2) set deadlines for the filing of a consolidated complaint, and (3) stay Defendant's deadlines to respond to the complaints in the individual Related Actions until a consolidated complaint is filed. Accordingly, the Court, having read the papers and for good cause shown, hereby ORDERS that the Motion is GRANTED as set forth below:

1. The above-captioned matters shall be consolidated for all purposes, including pretrial proceedings and trial, pursuant to Federal Rule of Civil Procedure 42(a) into *Dickerson v. PsychPlus Medical Associates PLLC*, No. 4:26-cv-3068 (the "Consolidated Action") before this Court.

2. The Clerk is DIRECTED to close the Related Actions: *Ross v. PsychPlus Medical Associates PLLC*, No. 4:26-cv-3327 and *Havens v. PsychPlus Medical Associates PLLC*, No. 4:26-cv-3360.

3. All papers filed in the Consolidated Action shall be filed under the lead case number 4:26-cv-3068, the number assigned to the first-filed case.

4. All papers previously filed and served to date in the Related Actions are deemed part of the record in the Consolidated Action.

5. Pursuant to Fed. R. Civ. P. 23(g), the Court hereby appoints Raina Borelli of Straus Borrelli PLLC, Danielle L. Perry of Mason & Perry LLP, and Melissa G. Meyer of Levi &

1

Korsinsky, LLP as Interim Co-Lead Class Counsel to act on behalf of the Plaintiffs and the class members in the Consolidated Action, with the responsibilities set forth below:

a. Coordinating the work of preparing and presenting all of Plaintiffs' claims and otherwise coordinating all proceedings on behalf of Plaintiffs, including organizing and supervising the efforts of Plaintiffs' counsel in a manner to ensure that Plaintiffs' pretrial preparation is conducted effectively, efficiently, expeditiously, and economically;

b. Delegating work responsibilities and monitoring the activities of all Plaintiffs' counsel in a manner to promote the orderly and efficient conduct of this litigation and to avoid unnecessary duplication and expense;

c. Calling meetings of Plaintiffs' counsel for any appropriate purpose, including coordinating responses to questions of other parties or of the Court, and initiating proposals, suggestions, schedules, and any other appropriate matters;

d. Determining (after consultation with other co-counsel as may be appropriate) and presenting (in briefs, oral argument, or such other fashion as he or his designee may deem appropriate) to the Court and opposing parties the position of the Plaintiffs on all matters arising during pretrial (and, if appropriate, trial) proceedings;

e. Serving as the primary contact for all communications between Plaintiffs and counsel for Defendant, and acting as spokespersons for all Plaintiffs vis-à-vis Defendant and the Court;

f. Directing and executing on behalf of Plaintiffs the filing of pleadings and other documents with the Court;

g. Appearing at all court hearings and conferences regarding the case as most appropriate for effective and efficient representation, and speaking for Plaintiffs at all such hearings and conferences;

h. Receiving and initiating communication with the Court and the Clerk of the Court (including receiving orders, notices, correspondence, and telephone calls) and dispensing the content of such communications among Plaintiffs' counsel;

i. Initiating and conducting discussions and negotiations with counsel for Defendant on all matters, including settlement;

j. Negotiating and entering into stipulations with counsel for Defendant as necessary for the conduct of the litigation;

k. Initiating, coordinating, and conducting all discovery on Plaintiffs' behalf and ensuring its efficiency;

l. Selecting, consulting with, and employing experts for Plaintiffs, as necessary;

m. Encouraging and enforcing efficiency among all Plaintiffs' counsel;

n. Assessing Plaintiffs' counsel for the costs of the litigation;

o. Preparing and distributing periodic status reports on behalf of Plaintiffs to the Court and to the parties as ordered;

p. Developing and recommending for Court approval practices and procedures pertaining to attorneys' fees and expenses on behalf of Plaintiffs as further detailed below and, on an ongoing basis, monitoring and administering such procedures. At such time as may be appropriate, Interim Class Counsel also will recommend

2

apportionment and allocation of fees and expenses on behalf of Plaintiffs subject to Court approval; and

q. Performing such other duties as are necessary in connection with the prosecution of this litigation or as may be further directed by the Court.

6.    Any additional plaintiffs' counsel will do all work in this litigation only at the direction of Interim Co-Lead Class Counsel. No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any Plaintiff except through Interim Co-Lead Class Counsel and no other Plaintiffs' counsel or firm shall be authorized to perform any work in the case without the express authorization of Interim Co-Lead Class Counsel.

7.    Interim Co-Lead Class Counsel shall have sole authority to communicate with Defendant's counsel and the Court on behalf of any Plaintiff unless that authority is expressly delegated to other counsel. Defendant's counsel may rely on all agreements made with Interim Co-Lead Class Counsel, and such agreements shall be binding on all other Plaintiffs' counsel.

8.    Interim Co-Lead Class Counsel must serve a copy of this Order and all future orders promptly by overnight delivery service, facsimile, or other expeditious electronic means on counsel for Plaintiffs in any related action to the extent that Interim Co-Lead Class Counsel are aware of any such action(s) and on all attorneys for Plaintiffs whose cases may subsequently be consolidated with the above actions but who have not yet registered for ECF.

9.    Plaintiffs in the Consolidated Action shall file an operative Consolidated Complaint within 45 days of the date of this Order.

10.    Defendant need not respond to any of the complaints previously filed and will have 45 days to respond to the operative Consolidated Class Action Complaint.

11.    This Order shall apply to any action filed in, transferred to, or removed to this Court which relates to the subject matter at issue in this case and is asserted on behalf of a class or representative action.

3

Dated: __May 19__, 2026

Lee H. Rosenthal
Senior United States District Judge

4